IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19 CV 112 WCM

| | |
|---|---|
| CHARLES BUFORD ARNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | MEMORANDUM OPINION |
| v. ) | AND |
| ) | ORDER |
| ) | |
| ANDREW M. SAUL, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on the parties' cross motions for summary judgment. Docs. 9 & 11.[1]

I. Procedural History

On February 25, 2016, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of January 5, 2016. Transcript of Administrative Record ("AR") pp. 191-197.

Following denial of Plaintiff's claims on initial review and reconsideration, a hearing was conducted in Charlotte, North Carolina, where Plaintiff appeared and testified. AR pp. 33-73.

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Doc. 8.

1

On October 18, 2018, the Administrative Law Judge ("ALJ") issued an unfavorable decision. AR pp. 13-32. The Appeals Council denied Plaintiff's request for review of that decision and on August 28, 2019, Plaintiff timely filed the instant action. AR pp. 1-6; Doc. 1. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five-Step Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to apply a five-step sequential evaluation to each claim for benefits. 20 C.F.R. §§ 404.1520; 416.920. In this process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520,

416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden rests on the claimant throughout the first four steps of this five-step process to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant is able to perform other work, considering the claimant's RFC, age, education, and past work experience. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In his October 18, 2018 Decision, the ALJ found that Plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine status-post laminectomy; right femoral nerve neuropathy; right hip osteoarthritis; and osteoarthritis of the bilateral hands." AR p. 18. The ALJ further found that Plaintiff had the RFC to

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb ramps/stairs; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, or crouch; never crawl; and frequently grasp, handle, finger, and feel bilaterally with the upper extremities. In addition, the claimant requires the option to sit-stand hourly while remaining on task, but standing not to exceed five minutes at a time.

AR p. 20.

Utilizing this RFC, the ALJ found that Plaintiff was able to perform his past relevant work such that Plaintiff was not disabled from January 5, 2016 (the alleged disability onset date) through October 18, 2018 (the date of the ALJ's Decision). AR pp. 24-25.

## IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applied the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial

4

Case 5:19-cv-00112-WCM   Document 14   Filed 08/28/20   Page 4 of 10

evidence in the record, and whether the ALJ reached his decision based on the correct application of the law. Id.

## V. Analysis

Plaintiff argues that the ALJ failed to evaluate properly the opinions of his treating physicians.

The Social Security Regulations require an ALJ to consider all medical opinions of record, regardless of their source. 20 C.F.R. §§ 404.1527(c), 416.927(c); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); SSR 06-03p (The ALJ must "consider all of the available evidence in the individual's case record in every case.").

Generally, a treating physician's opinion is given controlling weight if it is well-supported by medically acceptable clinical evidence and is not inconsistent with other substantial evidence of record. See 20 C.F.R §§ 404.1527(d)(2), 416.927(d)(2); Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.2001). However, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir.1996); 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4); see also Mastro, 270 F.3d at 178 ("Under such circumstances, the ALJ holds the discretion to give less

5

weight to the testimony of a treating physician in the face of persuasive contrary evidence.").

Here, Plaintiff asserts that the ALJ ignored the opinions of Dr. Hans C. Hansen and Dr. Mark Boles, and that the ALJ failed to explain adequately the weight he assigned to the opinions of Dr. Ahmed Elnagger, Dr. Tara Frankhouser, Dr. Robert Wodecki, and Lisa Mathis, a nurse practitioner. In response, the Commissioner argues that the statements from these providers upon which Plaintiff relies are not medical opinions and that, in any event, the ALJ appropriately discussed either the statements themselves or other evidence from the provider.

In his October 18, 2018 Decision, the ALJ assigned "[v]ery little weight" to the opinions Dr. Elnagger, Dr. Frankhouser, Dr. Wodecki, and Nurse Practitioner Mathis and explained that:

> Although these providers are treating sources, as discussed above the record does not reflect that there was any worsening of the claimant's impairments when he stopped working. The claimant has had multiple surgeries, but these all occurred at least a few years prior to his alleged onset date. In fact, at the hearing the claimant admitted that his symptoms were about the same. Additionally, statements that a claimant is 'disabled', 'unable to work', can or cannot perform a party job, meets a Listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who

6

> cannot abdicate his statutory responsibility to determine the ultimate issue of disability.

AR p. 23.

The ALJ's explanation for discounting the opinions of Dr. Elnagger, Dr. Frankhouser, Dr. Wodecki, and Nurse Practitioner Mathis appears two-fold. First, the ALJ reasoned that Plaintiff's symptoms were "about the same" as when he was working. Second, the ALJ states that these opinions address issues reserved to the Commissioner.

The undersigned agrees that certain statements from these providers are legal conclusions regarding Plaintiff's disability status or ability to work. See AR p. 888 (Dr. Ahmed Elnagger July 6, 2016 statement: "He is totally and permanently disabled."); AR p. 825 (Dr. Tara Frankhouser August 29, 2016 statement: "do not disagree with disability for this patient"); AR p. 925 (Dr. Elnagger October 17, 2016 statement: "He is unable to maintain gainful employment due to his very deceased [sic] status."); AR p. 943 (Dr. Robert Wodecki April 5, 2017 statement: "Pt is not able to sustain gainful employment."); AR p. 913 (Lisa Mathis, Nurse Practitioner, April 13, 2017 statement: "He is unable to maintain gainful employment due to his very deceased [sic] functional status.").

Such opinions are not entitled to any heightened evidentiary value. Morgan v. Barnhart, No. 04–1692, 142 Fed. Appx. 716, 722 (4th Cir. Aug. 5,

2005) (emphasis omitted) ("[T]he ALJ is under no obligation to give a treating physician's legal conclusions any heightened evidentiary value."); see also Cramer v. Colvin, No. 3:13-cv-414-MOC, 2014 WL 1365911, at * 3 (W.D.N.C. April 7, 2014) ("Medical opinions that go to the ultimate vocational issue of ability to work invade the province of the Commissioner, who is ultimately charged with determining whether a claimant meets the statutory definition of disability.") (citing 20 C.F.R. § 416.927(d)). "Rather, the ALJ must assess the opinions in light of the record to 'determine the extent to which the [treating physician's legal conclusion] is supported by the record.'" Schaller v. Colvin, No. 5:13-cv-334-D, 2014 WL 4537184, at * 7 (E.D.N.C. Sept. 11, 2014) (citing Morgan, 142 Fed. Appx. 716, 722; (quoting SSR 96–5p, 1996 WL 374183, at *3 (July 2, 1996)).

Here, when considering these opinions, the ALJ did not fully explain his finding that Plaintiff's condition was "about the same" as when Plaintiff was working.[2] While the ALJ stated that Plaintiff testified to this fact, the undersigned's review of the hearing testimony indicates that Plaintiff explained he could no longer work because he "couldn't take it anymore" due to "the sheer pain" AR pp. 48-50. While it may be true that Plaintiff's objective

---

[2] In his Adult Disability Report, Plaintiff reported that he stopped working on January 4, 2016. AR p. 246. As noted above, Plaintiff alleged a disability onset date of January 5, 2016.

8

medical findings show that his pain levels and associated symptoms were the same both before and after his alleged disability onset date of January 5, 2016, the ALJ did not analyze Plaintiff's medical records prior to January 5, 2016 to support that finding,[3] and it is not the province of the Court to undertake this analysis in the first instance. See Radford v. Colvin, 734 F.3d 288, 296 (4th Cir. 2013); see also Vann v. Colvin, No. 1:14-cv-89-MOC, 2015 WL 356951, at* 6 (W.D.N.C. Jan. 27, 2015) (where ALJ failed to determine whether treating physician's legal conclusion was supported by the record, ALJ's decision was not supported by substantial evidence).

Finally, the ALJ did not cite or discuss the statements from Dr. Boles or Dr. Hansen. See AR p. 473 (Dr. Boles November 16, 2015 statement: "I agree with need for Long-term Disability due to inoperable Pain Syndrome impairing work and home performance as well as QOL [quality of life]."); AR p. 784 (June 27, 2016 statement Dr. Hansen: "I think he's a pretty viable candidate to be considered for disability…."); AR p. 783 (Dr. Hansen July 18, 2016 statement: "Will support disability."). While these legal conclusions are not entitled to any

---

[3] The ALJ did recognize that Plaintiff "has a long history of multiple orthopedic issues and chronic pain that dates back to at least 2002" and that Plaintiff had a discectomy in 2008, a laminectomy and discectomy in 2013, and a left hip replacement in 2002. AR p. 21. However, the ALJ did not explain how such medical records supported his conclusion that Plaintiff's condition remained the same both before and after he stopped working.

heightened evidentiary value, as explained above they nonetheless should have been considered.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 9) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. 11) is **DENIED**.

Signed: August 28, 2020

W. Carleton Metcalf
United States Magistrate Judge